## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOHN A. SKELTON,**

     **Plaintiff,**

     **v.**                  **Case No. 06-3045-JWL**

**LOUIS BRUCE, et al.,**

     **Defendants.**

_____

## MEMORANDUM & ORDER

John Skelton[1] brings this action asserting a number of constitutional claims under 42 U.S.C. § 1983 against the defendants Louis Bruce, Marge Vanhoose, Debra McConaghy, Misty Kroeker, Thomas Mack, Rudy Rodriguez, Anthony McElroy, and Jason Harding.[2] This matter is currently before the court on defendants' motion to dismiss (doc. 58). The court will construe this motion as one for judgment on the pleadings pursuant to Rule 12(c) because, as Mr. Skelton points out, it was filed after the defendants filed their answer to Mr. Skelton's complaint. For the reasons explained below, the motion is denied.

---

[1]At all relevant times, Mr. Skelton was incarcerated at the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas.

[2]At all relevant times, defendants were employed at HCF. Mr. Bruce was the warden; Mr. Rodriguez was a unit team manager; and Mr. Harding was a sergeant in the security force of the segregation units. Ms. Vanhoose, Ms. McConaghy, Ms. Kroeker, Mr. Mack, and Mr. McElroy were unit team members.

I.      **Federal Rule of Civil Procedure 12(c) Standard**

A motion for judgment on the pleadings under Rule 12(c) is analyzed utilizing the same standard that applies to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Park Univ. Enterprises, Inc. v. American Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). The court will dismiss a cause of action for failure to state a claim only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief," *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1211 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1088 (10th Cir. 2003). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

When, as here, a plaintiff is proceeding pro se, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001); *accord Shaffer v. Saffle*, 148 F.3d 1180, 1181 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In other words, "[n]ot every fact must be described in specific detail, . . . and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that

2

may not have occurred to him should be allowed to amend his complaint." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (quoting *Hall*, 935 F.2d at 1110). The liberal construction of the plaintiff's complaint, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* (quoting *Hall*, 935 F.2d at 1110). "Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* (quoting *Hall*, 935 F.2d at 1110).

## II.    Analysis

*A.    Conditions of Confinement*

Mr. Skelton argues that he was subjected to unconstitutional conditions of confinement for about 210 days total[3] while housed in the administrative and disciplinary segregation units at HCF. To prevail on a "conditions of confinement" claim under the Eighth Amendment, an inmate must first establish that the condition complained of is "'sufficiently serious'" to show that he was deprived of the "'minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). To satisfy this first requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Secondly, the inmate must show that prison officials acted with "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter*, 501 U.S.

---

[3]Mr. Skelton alleges that the conditions spanned two separate incarcerations in the units, each lasting 105 days.

3

294, 298 (1991)). With regard to this requirement, the Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.* at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.* at 836-37.

The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Because the sufficiency of a conditions of confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (citations omitted). In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations of shelter, food, drinking water, and sanitation may meet the standard despite a shorter duration. *Id.* at 973 (citations and internal quotation marks omitted); *accord Mitchell v. Maynard*, 80 F.3d 1433, 1442-43 (10th Cir. 1996) (stating that "[i]t is important to consider the conditions of confinement as a whole" and citing cases where deprivation of human needs found to be Eighth Amendment violation).

1.      Exercise yard conditions

First, Mr. Skelton complains that the segregation exercise yard lacked covered areas

4

to protect inmates from the elements and that inmates are not given hats, gloves, or thermal clothing.  According to Mr. Skelton, once an inmate enters the yard, he is not allowed to return to his cell until the yard period expires; thus, he is exposed to inclement weather that begins after he enters the yard.  Because the court must accept these allegations as true, it does not find the defendants are entitled to dismissal of this claim.

Mr. Skelton has alleged facts sufficient to satisfy the first conditions of confinement requirement.  Exposure to inclement weather without adequate clothing may pose a "substantial risk of harm" and thus could support a finding of an Eighth Amendment violation. *See Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa 1992) *aff'd* 973 F.2d 686, 687-688 (8th Cir. 1992)(prison officials violated inmates Eighth Amendment rights by exposing them to harsh winter conditions without proper winter clothing).  The court further finds that this allegation is sufficient to show that the prison officials acted with deliberate indifference to Mr. Skelton's health because they knew or should have known that exposing him to inclement weather conditions without adequate clothing posed a risk of harm to Mr. Skelton. *See Farmer*, 511 U.S. at 847 (prison officials may be held liable for conditions of confinement if they know of a substantial risk of serious harm and disregard that risk).  Thus, the court finds it does not appear beyond a doubt that Mr. Skelton can prove no set of facts in support of this claim which would entitle him to relief.

2.      Cell and shower conditions

Mr. Skelton also expresses discontent with the cold temperature in the segregation unit during the winter months.  In his inmate grievance form, Mr. Skelton alleges that "at most

times especially at night the temperature has dropped to an almost unbearable low."[4] According to Mr. Skelton, "it is ridiculous that inmates cannot move about their cell without wearing a coat or blanket."  Mr. Skelton also complains that the low water temperature and use of fans in the showers constitute unconstitutional conditions of confinement.  In his inmate grievance form related to this complaint, Mr. Skelton states that the combination of being naked, lukewarm water, and use of strong fans caused the shower area "to be too cold."

"[A]n allegation of inadequate heating may state an Eighth Amendment violation." *Hawkes v. Wyoming Dept. of Corr. Honor Conservation Camp*, 1997 WL 545594, at *2 (10th Cir. 1997)(citing *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980)).  However, "cold temperatures for a short period of time do not alone necessarily result in a constitutional violation."  *Id*.  In *Hawkes*, the Tenth Circuit held that an inmate's general complaints of cold temperatures, combined with a lack of allegations regarding inadequate bedding and blankets, failed to state a constitutional claim.  *Id*.  Notably in the *Hawkes* case, however, the heating problem was fixed five days after the inmate filed a grievance.  *Id*.

"[I]t is not just the severity of the cold, but the duration of the condition, which determines whether the conditions of confinement are constitutional." *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).  In this case, although the court does not know exactly how cold it was in Mr. Skelton's cell or how cold the shower temperature was, Mr. Skelton alleges that the cold temperatures and cold showering conditions persisted throughout the

---

[4]Consideration of Mr. Skelton's grievance attachment is proper because it was attached as an exhibit to the complaint. *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 (10th Cir. 2001) (citing Fed. R. Civ. P. 10(c) and *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991)).

winter months.   Accordingly, the court determines that Mr. Skelton has alleged facts sufficient to withstand defendants' motion to dismiss.  *See Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006)(where inmate was exposed to cold temperatures continuously for several months, Sixth Circuit denied summary judgment, stating: "[w]e have little trouble concluding that any doubts about the severity of the cold in the instant case are compensated by the duration of [the plaintiff's] exposure to it").  Because of the apparently ongoing nature of the allegedly cold temperatures and cold shower conditions, the court cannot say beyond a doubt that Mr. Skelton can prove no set of facts showing that these conditions posed a substantial risk of harm.

Furthermore, Mr. Skelton has alleged that he brought the cold temperature and cold shower complaints to the attention of the defendants to no avail.  The court finds these allegations sufficient to show that the prison officials acted with deliberate indifference to Mr. Skelton's health because they knew of and disregarded his complaints.  *See Farmer*, 511 U.S. at 847 (prison officials may be held liable for conditions of confinement if they know of and disregard a substantial risk of serious harm).  Thus, the court cannot say beyond a doubt that Mr. Skelton can prove no set of facts in support of this claim which would entitle him to relief.

3.    Clean clothing

Mr. Skelton claims that because he only received two changes of clean socks in a 105 day period as well as sporadic supplies of t-shirts, he was subjected to cruel and unusual punishment in violation of the Eighth Amendment.   Although this may be a minor

deprivation, it was a deprivation that lasted for an extended period of time.  Because Mr.

Skelton alleges that he was deprived of adequate socks for 105 days,[5] the court cannot say

beyond a doubt that plaintiff can prove no set of facts in support of his claim that his Eight

Amendment rights were violated.  *Purkey v. McKune*, 2004 WL 2413455, at *5 (D. Kan.

2004)(finding that inmate's allegations of being denied clean bedding supplies and clean

clothes for weeks at a time were sufficient to state a conditions of confinement claim).

Mr. Skelton also alleges fact to show that the defendants acted with deliberate

indifference.  Mr. Skelton alleges having complained about the lack of clean socks and t-

shirts.  The court finds that this allegation is sufficient to show that the prison officials acted

with deliberate indifference to Mr. Skelton's health because they knew or should have known

that denying clean clothing for an extended period of time posed a risk of harm to Mr.

Skelton.  *See id.*  Thus, the court denies defendants' motion to dismiss this claim.  Mr.

Skelton may not ultimately prevail on the merits, but his allegations are sufficient for him to

go forward.

B.    *Access to the Courts*

Mr. Skelton alleges that defendants denied him his right of access to the courts

because the law library access and materials are inadequate and no preparation assistance is

provided.  It is clear that inmates enjoy a constitutional right of access to the courts.  *Bounds

v. Smith*, 430 U.S. 817, 821 (1977).   In order to state a claim for denial of access to the

courts, however, Mr. Skelton must "satisfy the standing requirement of 'actual injury' by

---

[5]It is unclear exactly how long the alleged deprivation of adequate t-shirts lasted.

showing that the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *accord Lewis v. Casey*, 518 U.S. 343, 351 (1996).  In other words, Mr. Skelton must "show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

1.    "Exact-cite" system

Here, Mr. Skelton specifically argues that the "exact-cite" system utilized by the law library forecloses his access to the courts because he does not have access to topic indexes and thus must guess at specific topics or case citations when doing research.  The use of an "exact-cite" paging system may state a viable claim of denial of access to the courts.  *Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006)(citing *Clayton v. Tansy*, 26 F.3d 980, 982 (10th Cir. 1993)).  However, Mr. Skelton has failed to allege any actual injury caused by the use of the "exact-cite" system, which is a requirement for stating a claim for denial of access to the courts.  *Penrod*, 94 F.3d at 1403.  *See also Farrell v. Campbell*, 6 Fed. Appx. 830, 832 (10th Cir. 2001)(inmate's failure to allege sufficient actual injury resulting from alleged inadequate access to the courts resulted in dismissal for failure to state a claim upon which relief may be granted).  Neither the complaint itself or the inmate grievance form associated with this claim provides any information about specific proceedings or actions that have been abridged due to the use of the "exact-cite" system.[6]  Thus, the court finds that Mr. Skelton's

---

[6]As indicated below, Mr. Skelton does refer to a specific proceeding that was impaired by defendants' failure to provide him access to certain rules and regulations.  He makes no reference to that proceeding, however, in his allegations concerning the "exact-cite" system.

allegations fail to state a claim upon which relief can be granted.  *Cf. Trujillo*, 465 F.3d at 1226 (inmate sufficiently alleged "relevant actual injury" where he claimed that defendants' actions prevented him from filing a state habeas corpus petition and from challenging an *ex post facto* change of his sentence).   Out of an abundance of caution, however, because the court recognizes that Mr. Skelton factual allegations "are close to stating a claim but are missing some important element that may not have occurred to him," the court grants Mr. Skelton leave to file an amended complaint with respect to this claim.  *See Riddle*, 83 F.3d at 1202.

2.      Inadequate materials and lack of meaningful assistance

Mr. Skelton also argues that he could not obtain any meaningful assistance in the preparation of his legal papers and that the law library lacks adequate materials.  As with the claim just discussed, Mr. Skelton has failed to allege how these deprivations prejudiced him in pursuing litigation and has not directed the court's attention to specific actions which have been adversely impacted due to the alleged lack of meaningful assistance and materials.[7] Accordingly, Mr. Skelton's allegations related to this claim fail to state a claim upon which relief can be granted.  *Farrell*, 6 Fed. Appx. at 832.   For the same reasons stated above in regard to his "exact-cite" claim, however, the court will grant Mr. Skelton leave to file an amended complaint with respect to this claim as well.

3.      Delay in providing access to rules

---

[7]Again, Mr. Skelton's allegations regarding inadequate materials and lack of meaningful assistance do not refer to the specific proceeding discussed in the next section.

10

Mr. Skelton further argues that the defendants failed to provide him with access to facility and department of corrections rules and regulations which he needed to do research for a writ of habeas corpus.  Although Mr. Skelton was eventually provided with the requested information, he alleges that it was received too late to include in the legal filing. Mr. Skelton alleges that his writ of habeas corpus action was dismissed for failure to state a claim; he blames this dismissal on defendants' failure to provide him access to the rules. Because Mr. Skelton has alleged that defendants delayed in providing him access to the legal materials and that such delay prejudiced him in pursuing a particular action, he has stated facts sufficient to withstand defendants' motion to dismiss.  *Trujillo*, 465 F.3d at 1226. Although he may not ultimately prevail, Mr. Skelton is entitled to pursue this claim since it does not appear beyond a doubt that he can prove no set of facts in support of this claim.

C.    *Property Interest Deprivation*

Mr. Skelton alleges that his constitutional rights were violated because the prison officials confiscated his personal legal books, religious books, and practice materials for thirty days.  After determining that confiscation of the materials violated prison rules, the materials were returned to Mr. Skelton.  Mr. Skelton alleges that this was the second instance of improper confiscation of his religious and legal materials.  Because defendants' motion to dismiss does not refer to this claim, however, the court need not evaluate whether it states a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendants' motion to dismiss (doc. #58) is denied.  Plaintiff is given leave until June 15, 2007, to file an

11

amended complaint in accordance with the guidelines set forth in this memorandum and order.

**IT IS SO ORDERED** this 21st day of May, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge